UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL MARANDA,
     Plaintiff,       **COMPLAINT**

 -against-            Case No.:

HASH DEPLOY, INC. and
DOUGLAS SHOOK,

       Defendant.

Plaintiff, Michael Maranda, by and through his attorneys, E. Stewart Jones Hacker Murphy, LLP, as and for this complaint against defendants alleges as follows:

### INTRODUCTION

1. This is a breach of contract and fraud action wherein plaintiff paid for, but defendants failed to deliver, computer equipment costing $220,000.00. To date, Defendants still have not delivered the goods or refunded plaintiff's purchase money despite due demand.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the parties are diverse, with the plaintiff domiciled in the State of New York and the defendant Hash Deploy, Inc. incorporated and existing under the laws of the State of Florida with its headquarters in the County of Marion, State of Florida and the

1

defendant Douglas Shook domiciled in the State of Florida. The amount in controversy exceeds $75,000.00.

3. Venue is proper within the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(1) and (2) as the transactions and occurrences took place in the Middle District of Florida and the Defendants are located in the Middle District of Florida.

## PARTIES

4. Michael Maranda is an individual domiciled in the County of Suffolk of the State of New York.

5. Upon information and belief, Hash Deploy, Inc. is a business corporation existing under the laws of the State of Florida with its headquarters located at 13075 NE 251st Terrace Salt Spring, Florida 32134, located in Marion County.

6. Upon information and belief, Douglas Shook is an individual domiciled in the State of Florida residing at 13075 NE 251st Terrace Salt Spring, Florida 32134.

7. Upon information and belief, Douglas Shook is the sole officer and shareholder of Hash Deploy, Inc.

8. Upon information and belief, Douglas Shook through Hash Deploy, Inc. purports to distribute and sell bitcoin mining computer equipment to the public.

9. Upon information and belief, Douglas Shook comingles his personal finances with his business entity, using the same for his own personal use and benefit.

10. Upon information and belief, Douglas Shook regularly transfers money and property out of his business entity rendering it insolvent and undercapitalized.

11. Upon information and belief, Douglas Shook completely dominates and controls Hash Deploy, Inc. and uses it to defraud his customers and hinder creditors, such as the plaintiff herein.

12. Upon information and belief Douglas Shook regularly fails to observe business formalities regarding his management and operation of Hash Deploy, Inc.

13. Upon information and belief, Douglas Shook has used Hash Deploy, Inc. as a vehicle to commit fraudulent and wrongful acts against plaintiff and other members of the public.

14. As such, Hash Deploy, Inc. is the alter ego of Douglas Shook and he is personally liable for Hash Deploy, Inc.'s debt herein under a veil piercing theory.

## BACKGROUND

15. On or around May 11, 2018, the parties entered into and executed a contract for the purchase and sale of one hundred Bitcoin mining computers known as "S17 Antminers".

16. A copy of the contract is annexed hereto as Exhibit "A" (the "Contract").

17. Plaintiff agreed to pay Hash Deploy, Inc. $220,000 in Bitcoins for said 100 S17 Antminers.

18. Plaintiff preformed its obligations per the Contract.

19. On May 11, 2019, plaintiff transferred $220,000 worth of Bitcoin to defendants in payment on the Contract for the S17 Antminers.

20. Pursuant to the Contract, Hash Deploy, Inc. was to deliver, and plaintiff was to receive said 100 S17 Antminers within 15 days of June 5, 2019 or be entitled to a full refund.

21. Pursuant to the Contract, the S17 Antminers were to be delivered to Michael Maranda at his business address of 2 Flint Mine Road, Coxsackie, NY 12051.

22. To date, plaintiff has not received said 100 S17 Antminers from defendants.

23. Plaintiff has demanded a full refund of the $220,000 paid to defendants for said S17 Antminers.

24. Defendants have failed to refund said purchase money.

25. Plaintiff was going to use said S17 Antminers to earn profit by mining Bitcoins.

26. Plaintiff lost profits as a result of defendants' failure to perform under the Contract.

27. Plaintiff has further been damaged as the cost of S17 Antminers has increased by approximately $150,000.00 since the time of the Contract and the plaintiff's cost to "cover" said purchase is significantly higher than the Contract price.

## COUNT 1 (Breach of Contract)

28. Plaintiff re-alleges and repeats each and every allegation contained in paragraphs above with full force and effect as contained herein.

4

29. The parties entered into a binding contract.

30. The plaintiff performed its obligations under the Contract by transferring $220,000 to the defendant for the 100 S17 Antminers.

31. Defendants breached the Contract by failing to deliver the 100 S17 Antminers and/or in failing to refund the purchase price upon demand.

32. As a result of the breach, plaintiff is entitled to $220,000, plus interest from and after May 11, 2019.

33. Due to the Hash Deploy, Inc.'s breach of the Contract, Plaintiff suffered actual, and consequential damages in the amount of $580,000.

## COUNT 2 (Fraud)

36. Plaintiff repeats, reiterates and realleges each and every allegation set forth in above paragraphs as if repeated and set forth at length in this cause of action.

37. That defendant Shook used Hash Deploy, Inc. to commit fraud as against plaintiff.

38. That defendant Shook used Hash Deploy, Inc.'s seemingly legitimate facade to induce plaintiff into entering into the Contract which Defendants knew they would not and could not perform.

39. That at all times defendant Shook intended to cause Hash Deploy, Inc. to breach the Contract and never intended to perform on said Contract.

40. That defendant Shook accepted plaintiff's $220,000 by and through Hash Deploy, Inc. intending on keeping said purchase money for his own personal use without delivering the sold goods to plaintiff.

41. That as a result of Shook's fraud, plaintiff paid to Defendants $220,000 in purchase money for the S17 Antminers.

42. That defendant Shook, upon information and belief, transferred plaintiff's funds out of Hash Deploy Inc.'s Bitcoin or bank account, all for the personal benefit of Shook.

43. That Shook individually used his corporate entity to commit fraud on the plaintiff with malice aforethought.

44. That as a result of the fraud and theft committed by Shook, he is individually liable to plaintiff for $580,000 plus attorney's fees, plus punitive damages, and interest at the legal rate from and after May 11, 2019.

### COUNT 3 (Conversion)

45. Plaintiff repeats, reiterates and realleges each and every allegation set forth in the above paragraphs as if repeated and set forth at length in this cause of action.

46. That plaintiff owns and is entitled to the exclusive possession and use of the 100 S17 Antminers it purchased from Hash Deploy, Inc.

47. That defendant Shook used Hash Deploy, Inc. to convert the aforesaid S17 Antminers and the Bitcoin used to purchase the same.

48. That the purchase price was paid in a specific number of bitcoins, sent to a specific numbered account, worth a specific amount of money.

49. That defendant Shook has wrongfully retained the purchase funds and/or the S17 Antminers despite due demand from plaintiff for the return of said funds or fulfillment of the Contract.

50. Defendant Shook committed the tort of conversion and as the owner and managing officer of Hash Deploy, Inc., he is individually liable to the plaintiff in the amount of $220,000, plus attorney's fees, punitive damages and interest.

## COUNT 4 (UCC §2-711)

51. Plaintiff repeats, reiterates and realleges each and every allegation set forth in the above paragraphs as if repeated and set forth at length in this cause of action.

52. Pursuant to UCC § 2-711 when the seller fails to make delivery of goods, the purchaser is entitled to the return of the purchase price actually paid.

53. Plaintiff is entitled to the return of the purchase price of $220,000 per UCC § 2-711.

## COUNT 5 (UCC §2-713)

54. That plaintiff is also entitled to damages pursuant to UCC § 2-713 for the difference in the market price at the time of the Contract versus the current market price.

55.     Upon information and belief, 100 S17 Antminers now cost over $150,000 more than when plaintiff contracted for the purchase of the S17 Antminers herein.

56.     That pursuant to UCC § 2-713 plaintiff is entitled to damages in the amount equal to the difference in market value between the S17 Antminers at the time of the Contract and the current price to "cover" the purchase of new miners today.

### COUNT 6 (UCC §2-715)

57.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in the above paragraphs as if repeated and set forth at length in this cause of action.

58.     That pursuant to UCC § 2-715 plaintiff is entitled to incidental and consequential damages as a result of defendants' breach and failure to deliver the goods as contracted in an amount to be determined by the finder of fact.

### COUNT 7 (UCC §2-716)

59.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in the above paragraphs as if repeated and set forth at length in this cause of action.

60.     That pursuant to UCC § 2-716 plaintiff is entitled to specific performance of the Contract.

**WHEREFORE**, plaintiff demands judgment against the defendants jointly and severally as plead above in the amount of $580,000, plus interest, costs and attorney's fees and exemplary and/or punitive damages along with an Order granting plaintiff specific performance of the Contract, and such other legal and equitable relief as the

Court deems just and proper.

DATED: September 20, 2019

                          E. STEWART JONES HACKER MURPHY, LLP

By: _____
John F. Harwick, Esq.
Via Special Admission Per Local Rule 2.02
*Attorneys for Plaintiff*
28 Second Street
Troy, New York 12180
Tel. No.: (518) 274-5820