UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

---

MICHAEL MARANDA,

                       Plaintiff,

            -against-

HASH DEPLOY, INC. and
DOUGLAS SHOOK,

                       Defendant.

**AFFIDAVIT OF MICHAEL MARANDA IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFUALT JUDGMENT**
Case No.: 5:19-CV-00528-JSM

---

MICHAEL MARANDA, being duly sworn, deposes and says that:

1.     I am the plaintiff in the above-captioned matter and make this affidavit in support of plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55 (a).

2.     This action was commenced by the filing of a complaint on October 16, 2019. A copy of the complaint is annexed hereto as Exhibit "A".

3.     The clerk issued a summons which was served along with a copy of the complaint on Hash Deploy, Inc. on October 23, 2019. A copy of the filed affidavit of service is attached as Exhibit "B".

4.     On November 19, 2019, Hash Deploy, Inc. interposed an answer in this case, a copy of which is annexed hereto as Exhibit "C".

1

5.    By way of Order to Show Cause dated January 8, 2020, Hash Deploy Inc. was ordered by the Court, *sua sponte*, to appear via counsel in this action.

6.    Hash Deploy, Inc. failed to appear by counsel as Ordered by the Hon. James S. Moody Jr. and on February 3, 2020 the Court issued an Order striking defendant Hash Deploy, Inc.'s answer and the Court further directed that plaintiff make an application to the clerk for entry of a default judgment pursuant to Fed. R. Civ. P. 55 (a). A copy of that Order is attached as Exhibit "D".

7.    Thus, the plaintiff hereby moves for default judgment against Hash Deploy, Inc.

8.    I have reviewed the contents of the allegations in the complaint and they are true and accurate, and I have sustained the damages alleged therein which are for a sum certain.

9.    Plaintiff is owed a sum certain herein.

10.    Hash Deploy Inc. is liable to me, the plaintiff, for $580,000.00 in damages as plead in the Complaint.

11.    Plaintiff specifically reserves the right to make a further motion for attorney's fees and punitive damages to be determined after a Hearing on the record before the assigned Judge.


_____
MICHAEL MARANDA

2

Sworn to before me on this
_____ day of February 2020.


_____
Notary Public

EXHIBIT "A"

Case 5:19-cv-00528-JSM-PRL   Document 23-2   Filed 03/31/20   Page 6 of 27 PageID
Case 5:19-cv-00528   Document 1   Filed 10/16/19   Page 1 of 9 PageID 1
114

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL MARANDA,

               Plaintiff,              **COMPLAINT**

-against-                      Case No.:

HASH DEPLOY, INC. and
DOUGLAS SHOOK,

               Defendant.

Plaintiff, Michael Maranda, by and through his attorneys, E. Stewart Jones

Hacker Murphy, LLP, as and for this complaint against defendants alleges as follows:

### INTRODUCTION

1.      This is a breach of contract and fraud action wherein plaintiff paid for, but

defendants failed to deliver, computer equipment costing $220,000.00. To date,

Defendants still have not delivered the goods or refunded plaintiff's purchase money

despite due demand.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the

parties are diverse, with the plaintiff domiciled in the State of New York and the

defendant Hash Deploy, Inc. incorporated and existing under the laws of the State of

Florida with its headquarters in the County of Marion, State of Florida and the

1

defendant Douglas Shook domiciled in the State of Florida. The amount in controversy exceeds $75,000.00.

3.      Venue is proper within the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(1) and (2) as the transactions and occurrences took place in the Middle District of Florida and the Defendants are located in the Middle District of Florida.

## **PARTIES**

4.      Michael Maranda is an individual domiciled in the County of Suffolk of the State of New York.

5.      Upon information and belief, Hash Deploy, Inc. is a business corporation existing under the laws of the State of Florida with its headquarters located at 13075 NE 251st Terrace Salt Spring, Florida 32134, located in Marion County.

6.      Upon information and belief, Douglas Shook is an individual domiciled in the State of Florida residing at 13075 NE 251st Terrace Salt Spring, Florida 32134.

7.      Upon information and belief, Douglas Shook is the sole officer and shareholder of Hash Deploy, Inc.

8.      Upon information and belief, Douglas Shook through Hash Deploy, Inc. purports to distribute and sell bitcoin mining computer equipment to the public.

9.      Upon information and belief, Douglas Shook comingles his personal finances with his business entity, using the same for his own personal use and benefit.

2

10.     Upon information and belief, Douglas Shook regularly transfers money and property out of his business entity rendering it insolvent and undercapitalized.

11.     Upon information and belief, Douglas Shook completely dominates and controls Hash Deploy, Inc. and uses it to defraud his customers and hinder creditors, such as the plaintiff herein.

12.     Upon information and belief Douglas Shook regularly fails to observe business formalities regarding his management and operation of Hash Deploy, Inc.

13.     Upon information and belief, Douglas Shook has used Hash Deploy, Inc. as a vehicle to commit fraudulent and wrongful acts against plaintiff and other members of the public.

14.     As such, Hash Deploy, Inc. is the alter ego of Douglas Shook and he is personally liable for Hash Deploy, Inc.'s debt herein under a veil piercing theory.

## BACKGROUND

15.     On or around May 11, 2018, the parties entered into and executed a contract for the purchase and sale of one hundred Bitcoin mining computers known as "S17 Antminers".

16.     A copy of the contract is annexed hereto as Exhibit "A" (the "Contract").

17.     Plaintiff agreed to pay Hash Deploy, Inc. $220,000 in Bitcoins for said 100 S17 Antminers.

18.     Plaintiff preformed its obligations per the Contract.

3

19.   On May 11, 2019, plaintiff transferred $220,000 worth of Bitcoin to defendants in payment on the Contract for the S17 Antminers.

20.   Pursuant to the Contract, Hash Deploy, Inc. was to deliver, and plaintiff was to receive said 100 S17 Antminers within 15 days of June 5, 2019 or be entitled to a full refund.

21.   Pursuant to the Contract, the S17 Antminers were to be delivered to Michael Maranda at his business address of 2 Flint Mine Road, Coxsackie, NY 12051.

22.   To date, plaintiff has not received said 100 S17 Antminers from defendants.

23.   Plaintiff has demanded a full refund of the $220,000 paid to defendants for said S17 Antminers.

24.   Defendants have failed to refund said purchase money.

25.   Plaintiff was going to use said S17 Antminers to earn profit by mining Bitcoins.

26.   Plaintiff lost profits as a result of defendants' failure to perform under the Contract.

27.   Plaintiff has further been damaged as the cost of S17 Antminers has increased by approximately $150,000.00 since the time of the Contract and the plaintiff's cost to "cover" said purchase is significantly higher than the Contract price.

### COUNT 1 (Breach of Contract)

28.   Plaintiff re-alleges and repeats each and every allegation contained in paragraphs above with full force and effect as contained herein.

4

Case 5:19-cv-00528-JSM-PRL   Document 23-2   Filed 03/31/20   Page 10 of 27 PageID
118
Case 5:19-cv-00528   Document 1   Filed 10/16/19   Page 5 of 9 PageID 5

29.    The parties entered into a binding contract.

30.    The plaintiff performed its obligations under the Contract by transferring $220,000 to the defendant for the 100 S17 Antminers.

31.    Defendants breached the Contract by failing to deliver the 100 S17 Antminers and/or in failing to refund the purchase price upon demand.

32.    As a result of the breach, plaintiff is entitled to $220,000, plus interest from and after May 11, 2019.

33.    Due to the Hash Deploy, Inc.'s breach of the Contract, Plaintiff suffered actual, and consequential damages in the amount of $580,000.

## COUNT 2 (Fraud)

36.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in above paragraphs as if repeated and set forth at length in this cause of action.

37.    That defendant Shook used Hash Deploy, Inc. to commit fraud as against plaintiff.

38.    That defendant Shook used Hash Deploy, Inc.'s seemingly legitimate facade to induce plaintiff into entering into the Contract which Defendants knew they would not and could not perform.

39.    That at all times defendant Shook intended to cause Hash Deploy, Inc. to breach the Contract and never intended to perform on said Contract.

5

40.    That defendant Shook accepted plaintiff's $220,000 by and through Hash Deploy, Inc. intending on keeping said purchase money for his own personal use without delivering the sold goods to plaintiff.

41.    That as a result of Shook's fraud, plaintiff paid to Defendants $220,000 in purchase money for the S17 Antminers.

42.    That defendant Shook, upon information and belief, transferred plaintiff's funds out of Hash Deploy Inc.'s Bitcoin or bank account, all for the personal benefit of Shook.

43.    That Shook individually used his corporate entity to commit fraud on the plaintiff with malice aforethought.

44.    That as a result of the fraud and theft committed by Shook, he is individually liable to plaintiff for $580,000 plus attorney's fees, plus punitive damages, and interest at the legal rate from and after May 11, 2019.

## COUNT 3 (Conversion)

45.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in the above paragraphs as if repeated and set forth at length in this cause of action.

46.    That plaintiff owns and is entitled to the exclusive possession and use of the 100 S17 Antminers it purchased from Hash Deploy, Inc.

47.    That defendant Shook used Hash Deploy, Inc. to convert the aforesaid S17 Antminers and the Bitcoin used to purchase the same.

48.    That the purchase price was paid in a specific number of bitcoins, sent to a specific numbered account, worth a specific amount of money.

49.    That defendant Shook has wrongfully retained the purchase funds and/or the S17 Antminers despite due demand from plaintiff for the return of said funds or fulfillment of the Contract.

50.    Defendant Shook committed the tort of conversion and as the owner and managing officer of Hash Deploy, Inc., he is individually liable to the plaintiff in the amount of $220,000, plus attorney's fees, punitive damages and interest.

## COUNT 4 (UCC §2-711)

51.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in the above paragraphs as if repeated and set forth at length in this cause of action.

52.    Pursuant to UCC § 2-711 when the seller fails to make delivery of goods, the purchaser is entitled to the return of the purchase price actually paid.

53.    Plaintiff is entitled to the return of the purchase price of $220,000 per UCC § 2-711.

## COUNT 5 (UCC §2-713)

54.    That plaintiff is also entitled to damages pursuant to UCC § 2-713 for the difference in the market price at the time of the Contract versus the current market price.

7

55.    Upon information and belief, 100 S17 Antminers now cost over $150,000 more than when plaintiff contracted for the purchase of the S17 Antminers herein.

56.    That pursuant to UCC § 2-713 plaintiff is entitled to damages in the amount equal to the difference in market value between the S17 Antminers at the time of the Contract and the current price to "cover" the purchase of new miners today.

## COUNT 6 (UCC §2-715)

57.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in the above paragraphs as if repeated and set forth at length in this cause of action.

58.    That pursuant to UCC § 2-715 plaintiff is entitled to incidental and consequential damages as a result of defendants' breach and failure to deliver the goods as contracted in an amount to be determined by the finder of fact.

## COUNT 7 (UCC §2-716)

59.    Plaintiff repeats, reiterates and realleges each and every allegation set forth in the above paragraphs as if repeated and set forth at length in this cause of action.

60.    That pursuant to UCC § 2-716 plaintiff is entitled to specific performance of the Contract.

   **WHEREFORE**, plaintiff demands judgment against the defendants jointly and severally as plead above in the amount of $580,000, plus interest, costs and attorney's fees and exemplary and/or punitive damages along with an Order granting plaintiff specific performance of the Contract, and such other legal and equitable relief as the

Court deems just and proper.

DATED: September 20 2019

                                  E. STEWART JONES HACKER
                                  MURPHY, LLP

                        By:

                                  John F. Harwick, Esq.
                                  Via Special Admission Per Local
                                  Rule 2.02
                                  *Attorneys for Plaintiff*
                                  28 Second Street
                                  Troy, New York  12180
                                  Tel. No.: (518) 274-5820

9

EXHIBIT "A"

To whom it may concern,

This is a legally binding contract and all parties listed below agree to the terms stated in this contract. This contract was written and approved on 05/11/2019.

Parties in contract:

1. Hash Deploy Inc (Douglas Shook)
13075 NE 251st Terrace Salt Springs,
FL 32134 352-450-0094
Florida DL#: S200160672301

2.Michael Maranda
2 Flint Mine Road
Coxsackie NY 12051
waterguy9@aol.com
518-898-8445

The product: Antminer S17 Pro x100 (100 total units) Invoice Number: 83780

This contract will guarantee that Hash Deploy Inc (Douglas Shook) 13075 NE 251st Terrace Salt Springs, FL 32134 will have Antminer S17 Pro x100 delivered to Michael Maranda 2 Flint Mine Road Coxsackie NY 12051

A crypto transaction equivalent of $220000.00 USD will be sent no later than 05/11/2019 and confirmed to Hash Deploy Inc. and this transaction will finalized payment and that the Antminer S17 Pro x100 will be shipped to Michael Maranda 2 Flint Mine Road Coxsackie NY 12051

If Michael Maranda does not receive the Antminer S17 Pro x100 +/-15 days from 06/05/2019 then Michael Maranda is entitled to a full refund of the total amount of $220000.00 USD equivalent for the product. All manufacturers warranties will also apply to the product.

This is a legally binding contract, and all parties participating in this contract are aware that this can be upheld in a Court of law in the United States of America. Any fraudulent activity will be prosecuted to the fullest extend of  United States Law

Signature: *Douglas Shook*
Douglas Shook (May 11, 2019)

Email:  support@hashdeploy.com

Signature: _____
Michael Maranda (May 11, 2019)

Email:  waterguy9@aol.com

Invoice

Hash Deploy Inc
13075 NE 251st Ter Salt Springs Fl. 32134
support@hashdeploy.com
352-450-0094

**Date:** May 11, 2019
**Invoice #** 83780

Bill to Michael Maranda

2 Flint Mine Road
Coxsackie NY 12051
waterguy9@aol.com
518-898-8445

| Product ID | Description | Qty | Unit Price | Line Total |
|---|---|---|---|---|
| ANTS17 | Antminer S17 Pro-50th x100 | 100.00 | 2,200.00 | 220,000.00 |
| Shipping | Shipping June 1st-10th | 0.00 | 0.00 | 0.00 |
| | | | | |
| | | | | |
| | | | Subtotal | 220,000.00 |
| | | | Discount % | 0% |
| | | | **TOTAL** | 220,000.00 |
| | | | **PAID** | 0.00 |
| | | | **TOTAL DUE** | **220,000.00** |

*THANK YOU FOR YOUR BUSINESS!*

Crypto Payment https://commerce.coinbase.com/checkout/9acfbdbc-2bcc-4f9f-bda2-3166258e465c

CONFIDENTIALITY NOTICE: The contents of this invoice and any attachments are intended
solely for the addressee(s) and may contain confidential and/or privileged information and
may be legally protected from disclosure. Any fraudulent activity will be prosecuted to
the fullest extent of the law.

**Signature:** *Douglas Shook*
Douglas Shook (May 11, 2019)

**Email:** support@hashdeploy.com

**Signature:** 
Michael Maranda (May 11, 2019)

**Email:** waterguy9@aol.com

# Antminer S17 Pro x100 Purchase Agreement

**Final Audit Report**                                                     2019-05-11

| | |
|---|---|
| Created: | 2019-05-11 |
| By: | Douglas Shook (support@hashdeploy.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAdHzGTLgx5_bgx4bx-Y_laJP37m0B2CwC |

## "Antminer S17 Pro x100 Purchase Agreement" History

📄 Document created by Douglas Shook (support@hashdeploy.com)
   2019-05-11 - 8:55:30 AM GMT- IP address: 142.197.56.24

✍️ Document e-signed by Douglas Shook (support@hashdeploy.com)
   Signature Date: 2019-05-11 - 8:56:52 AM GMT - Time Source: server- IP address: 142.197.56.24

✉️ Document emailed to Michael Maranda (waterguy9@aol.com) for signature
   2019-05-11 - 8:56:52 AM GMT

📄 Document viewed by Michael Maranda (waterguy9@aol.com)
   2019-05-11 - 11:18:40 AM GMT- IP address: 24.105.194.226

✍️ Document e-signed by Michael Maranda (waterguy9@aol.com)
   Signature Date: 2019-05-11 - 8:50:46 PM GMT - Time Source: server- IP address: 174.220.25.121

✅ Signed document emailed to Michael Maranda (waterguy9@aol.com) and Douglas Shook
   (support@hashdeploy.com)
   2019-05-11 - 8:50:46 PM GMT

Adobe Sign

EXHIBIT "B"

## AFFIDAVIT OF SERVICE

### UNITED STATES DISTRICT COURT
Middle District of Florida

Case Number: 5:19-CV-528-OC-30PRL

Plaintiff:
**MICHAEL MARANDA**

vs.

Defendant:
**HASH DEPLOY, INC. AND DOUGLAS SHOOK**

For:
E. Stewart Jones Hacker Murphy, LLP

Received by A PLUS PROCESS SERVICE, INC. on the 23rd day of October, 2019 at 12:00 pm to be served on **HASH DEPLOY, INC C/O: DOUGLAS SHOOK, REGISTERED AGENT, 13075 N.E. 251ST TERRACE, SALT SPRINGS, FL 32134.**

I, Kenneth W. Kelley, Sr., #091312-14, being duly sworn, depose and say that on the **30th day of October, 2019 at 6:18 pm, I:**

served a **CORPORATION** by delivering a true copy of the **SUMMONS, COMPLAINT WITH EXHIBITS** with the date and hour of service endorsed thereon by me, to: **DOUGLAS SHOOK** as **REGISTERED AGENT** for **HASH DEPLOY, INC,** at the address of: **13075 N.E. 251ST TERRACE, SALT SPRINGS, FL 32134,** and informed said person of the contents therein, in compliance with state statutes.

**Description of Person Served:** Age: 50, Sex: M, Race/Skin Color: White, Height: 5'7", Weight: 170, Hair: Dark Brown, Glasses: N

PURSUANT TO FLORIDA STATUTE 92.525, I ACKNOWLEDGE THAT I AM CERTIFIED IN GOOD STANDING IN THE JUDICIAL CIRCUIT WHERE THIS PROCESS WAS SERVED, HAVE NO INTEREST IN THE ABOVE ACTION, AND AM OF LEGAL AGE. UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING VERIFIED RETURN OF SERVICE AND THAT THE FACTS STATED IN IT ARE TRUE.

Subscribed and sworn to before me on ____4____ day
of _____NOV.____, 2019, by the affiant who is
personally known to me.

_____
Notary Public

ODALYS G. EIRE
Notary Public-State of Florida
Commission # GG 344399
My Commission Expires
October 06, 2023

_____
Kenneth W. Kelley, Sr., #091312-14
Certified Process Server

**A PLUS PROCESS SERVICE, INC.**
**PO BOX 582**
**GUILDERLAND, NY 12084**
**(518) 470-6552**

Our Job Serial Number: ODY-2019006543

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1e

EXHIBIT "C"

FILED

2019 NOV 19  AH 10: 28

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

1  Hash Deploy Inc
   Douglas  Shook & Douglas  Shook
2  13075 NE 251st Terrace
   Salt Springs, FL 32134
3  (352) 450-0094

4

5

6  In the District Court of Florida in
   the county of Marion

7

8  Michael Maranda                    )Case No.: 5:19-cv-528-Oc-30PRL
                                      )ANSWER, AFFIRMATIVE DEFENSES
9           Plaintiff                 )
                                      )
10      vs.                           )
                                      )
11  Hash Deploy Inc                   )
                                      )
12          Defendant(s)              )
13  _____          )

14

15

16                    I. ANSWER

17  Defendant(s) answer the complaint as follows:

18  1.    Admit the statements contained in paragraph numbers 5,
          6, 7, 8,
19
    2.    Deny the statements contained in paragraph numbers 1,
20        9, 10, 11, 12, 13, 14, 37, 38, 39, 40, 42, 43, 47,

21  3.    Lack knowledge about the truth and therefore deny the
          statements contained in paragraphs numbers 2, 3, 4, 15, 16,
22        17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31,
          32, 33, 34, 35, 36, 41, 44, 45, 46, 48, 49, 50, 51, 52, 53,
23        54, 55, 56, 57, 58, 59, 60,

24

25

26

27

28

                    [Affirmative Defense] - 1

SummonsResponse.com

1             **II. AFFIRMATIVE DEFENSES**

2 **Defendant(s) other defenses are:**
**Unjust Enrichment**
3 **Breach by Plaintiff**
**Contract Void as Against Public Policy**

4

5

6

7

8

9             **Dated this November 3, 2019**

10

11

12             **Hash Deploy Inc**

13

14             **Douglas  Shook & Douglas**
            **18008 NE 251st Terrace**
15             **Salt Springs, FL 32134**
            **(352) 450-0094**

16

17

18

19

20

21

22

23

24

25

26

27

28             **[Affirmative Defense] - 2**

EXHIBIT "D"

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

MICHAEL MARANDA,

      Plaintiff,

v.                                     Case No: 5:19-cv-528-Oc-30PRL

HASH DEPLOY INC and DOUGLAS
SHOOK,

      Defendants.

_____

## ORDER

      Defendant corporation, Hash Deploy Inc., filed an Answer without benefit of counsel on November 19, 2019.  (Dkt. 12).  On January 8, 2020, the Court issued an Order to Show Cause directing Defendant corporation to retain counsel within twenty (20) days and noting that failure to timely do so will result in Defendant's Answer being stricken without further notice.  (Dkt. 16).  A review of the file reveals that a Notice of Appearance for Defendant corporation, Hash Deploy, Inc. has not been filed.

      Accordingly, it is ORDERED AND ADJUDGED that:

1.    The Answer (Dkt. 12) is STRICKEN as to Defendant Hash Deploy Inc.

2.    Plaintiff shall promptly apply to the Clerk for entry of default as to Defendant Hash Deploy Inc. pursuant to Federal Rule of Civil Procedure 55(a).  Failure to do so may result in the dismissal of Defendant Hash Deploy Inc. without further notice.

      **DONE** and **ORDERED** in Tampa, Florida, this 3rd day of February, 2020.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record