UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL MARANDA,

    Plaintiff,

v.      Case No: 5:19-cv-528-Oc-30PRL

HASH DEPLOY, INC and DOUGLAS SHOOK,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Default Judgment against Defendant Hash Deploy, Inc. (Dkt. 23). The Court, having reviewed the motion, court file, and being otherwise advised in the premises, concludes that the motion should be denied without prejudice.

### BACKGROUND

On October 16, 2019, Plaintiff filed this action against Defendants Hash Deploy, Inc. and Douglas Shook for breach of contract, fraud, conversion, and violations of the UCC. (Dkt. 1). According to the Complaint, Plaintiff agreed to pay Defendant Hash Deploy, Inc. "$220,000 in Bitcoins" in exchange for 100 Bitcoin mining computers known as S17Antminers. (Dkt. 1, ¶¶ 15-20). Plaintiff alleges that, on May 11, 2019, he transferred "$220,000 worth of Bitcoin" to Defendants, but he never received the computers. (Dkt. 1, ¶¶ 19-22). Plaintiff also alleges that Defendants have failed to refund Plaintiff's payment. (Dkt. 1, ¶ 24).

On November 19, 2019, Defendant Douglas Shook filed an Answer.[1] (Dkt. 12). On February 27, 2020, a Clerk's Default was entered against Defendant Hash Deploy, Inc. Plaintiff now seeks a default judgment against Defendant Hash Deploy, Inc. for the sum of $580,000, plus interest and costs. In support of Plaintiff's request for a default judgment, affidavits were provided from Plaintiff and his attorney. The Court notes, however, that Plaintiff's affidavit is unexecuted and neither affidavit establishes Plaintiff's entitlement to $580,000 in damages. While Plaintiff seeks $580,000 in damages in the Complaint, Plaintiff also alleges in the Complaint that he agreed to pay Defendant Hash Deploy, Inc. "$220,000 in Bitcoins" in exchange for 100 Bitcoin mining computers. (Dkt. ¶¶ 1, 15-20). The contract is attached to the Complaint. (Dkt. 1-1).

## DISCUSSION

A defendant who defaults is deemed to have admitted all well-pleaded allegations of fact in a complaint. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). As a result, a court may enter a default judgment against a party who has failed to respond to a complaint, assuming the complaint provides a sufficient basis for the judgment entered. Fed. R. Civ. P. 55; *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (internal citation omitted). Likewise, a court may award damages pursuant to a default judgment if those damages are adequately supported by the record. *See Adolph Coors Co. v. Movement against Racism and the Klan*, 777 F.

---

[1] The Court struck the Answer as to Defendant Hash Deploy, Inc. because Defendant Hash Deploy, Inc. filed the Answer without benefit of counsel.

2d 1538, 1544 (11th Cir. 1985) (internal citations omitted).

Notably, "a defendant's default does not in itself warrant the court entering a default judgment." *See Tyco Fire & Sec. LLC v. Alcocer*, 218 Fed.Appx. 860, 863 (11th Cir. 2007). Further, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.... [A] default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Nishimatsu Constr. Co.*, 515 F.2d at 1206. "[A]llegations that parrot the language" of the statute the defendant allegedly violated, "are not well-pleaded facts; they are simply [plaintiff's] legal conclusions, which a [defendant is] not held to have admitted through default." *See DirecTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (citing *Nishimatsu Constr. Co.*, 515 F.2d at 1206).

Also, "when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." *Cabrera v. Am. Diversified Services Corp.*, 6:10-CV-953-ORL-35DAB, 2011 WL 13141666, at *1 (M.D. Fla. July 20, 2011) (citing 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2690, at 455–56 (1983)). And "[w]hen defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans v. Midwest Elecs. Imp.*, 740 F.2d 1499, 1512 (11th Cir. 1984). This is because "[e]ntry of a default judgment against one defendant would present the risk of inconsistent judgments." *Malloy v. Casey*, 2:09-CV-801-FTM-36DNF, 2011 WL 13294626, at *1 (M.D. Fla. Dec. 13, 2011).

Here, in the Complaint, Plaintiff "demands judgment against the defendants jointly and severally" in the amount of "$580,000, plus interest, costs and attorney's fees and exemplary and/or punitive damages along with an Order granting plaintiff specific performance of the [c]ontract, and such other legal and equitable relief as the Court deems just and proper." (Dkt. 1, p. 8-9). Accordingly, the Court will deny Plaintiff's motion for default judgment against Defendant Hash Deploy, Inc. without prejudice. If Defendant Douglas Shook, as the only responsive party, is dismissed from the case in some manner or found liable for the alleged claims, Plaintiff may refile his motion for default judgment.

Moreover, the Court notes that it is not readily apparent from the record how Plaintiff calculated $580,000 in damages. The affidavits furnished in support of Plaintiff's motion for default judgment do not establish Plaintiff's entitlement to $580,000 in damages. Rather, Plaintiff alleges in the Complaint the parties' agreement to deliver 100 Bitcoin computers in exchange for "$220,000 in Bitcoins." (Dkt. 1, ¶ 17).

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion for Default Judgment (Dkt. 23) is denied without prejudice.

**DONE** and **ORDERED** in Tampa, Florida, this 8th day of April, 2020.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record