UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

---

MICHAEL MARANDA,

                Plaintiff,        **AFFIRMATION OF JOHN F. HARWICK, ESQ.**

   -against-                        Case No.: 5:19-CV-528-0C-30PRL

HASH DEPLOY, INC. and
DOUGLAS SHOOK,

                Defendant.

---

**JOHN F. HARWICK, ESQ.** being duly sworn deposes and says that:

1. I am counsel for the plaintiff in the above captioned matter.

2. I submit this affidavit in response to the Court's Order to Show Cause at docket number 26.

3. This case involves the collection of a debt. The plaintiff paid the defendants over $200,000 for computer equipment that was never delivered. No refund was ever given.

4. The defendants have appeared *pro se*.

5. Defendant's corporation has defaulted as it is not represented by counsel.

6. I have repeatedly attempted to contact defendant, Douglas Shook by telephone at (352) 450-0094, the telephone number listed for his business. I have been attempting to set up a conference to discuss the case management plan. I have been unable to contact Douglas shook via telephone to date.

7. Plaintiff's proposed case management report is annexed hereto as Exhibit "A".

8. I am mailing Douglas Shook a copy of this affidavit with attachment and asked that he contact me to discuss the case management plan.

9. I respectfully request that I be allowed to participate in the case management conference via telephone as my law offices are in New York State and there currently is a quarantine for travel to Florida due to Covid-19.

10. I request that this case not be dismissed and that the court will schedule a telephone conference with all parties to approve the case management plan herein.

Dated: August 11, 2020

JOHN F. HARWICK, ESQ.

EXHIBIT "A"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

Michael Maranda,

Plaintiff,

v.

Case No.: 5:19-cv-528

Hash Deploy, Inc. and Douglas Shook

Defendants.

_____

## CASE MANAGEMENT REPORT

1. <u>Meeting of Parties</u>: Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on ___8/7/20___ (date) at _____ (time) (check one) (_x_) by telephone (or) (__) at _____ ___ (place) and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Douglas Shook, pro se defendant | |
| John Harwick, Esq. | Plaintiff |

2. <u>Initial Disclosures</u>:

   a. Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to

2/94

have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1).[1]

The parties (check one)

    X    have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before _____8/30/20_____ (date).[2]

    _____    stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:

_____
_____
_____

    _____    have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D). (Identify party or parties) _____ objects to disclosure of such information for the specific reason(s) that:

_____

---

[1] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. See Fed. R. Civ. P. 26(a)(1).

[2] Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1). Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. See Fed. R. Civ. P. 26(a)(1).

3. <u>Discovery Plan - Plaintiff</u>: The parties jointly propose the following Plaintiff's discovery plan:

a. <u>Plaintiff's Planned Discovery</u>: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) <u>Requests for Admission:</u>

<u>Within 90 days regarding the transaction at issue</u>

Number of Requests for Admission: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2) <u>Written Interrogatories:</u>
<u>Within 90 days regarding the transaction at issue</u>

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

2/94

### (3) Requests for Production or Inspection:

Within 90 days regarding the transaction at issue and Hash Deploy, Inc.'s corporate status.

### (4) Oral Depositions:

Within 120 days regarding relevant information to be conducted via phone or Skype meeting.

> Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.
>
> Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.
>
> The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:
>
> | Name | Proposed length of Deposition |
> |---|---|

2/94

| (cont'd) Name | Proposed length of Deposition | Grounds |
|---|---|---|
| | | Grounds |

b. <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

N/A

c. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

By 1/29/21

d. <u>Completion of Discovery</u>: Plaintiff will commence all discovery in time for it to be completed on or before ___1/29/21___
  (date).

4.  <u>Discovery Plan - Defendant</u>: The parties jointly propose the following Defendant's discovery plan:

a. <u>Defendant's Planned Discovery</u>: A description of every

2/94

discovery effort Defendant plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) <u>Requests for Admission:</u>

n/a

Number of Requests for Admission: Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2) <u>Written Interrogatories:</u>

Within 90 days regarding the transaction at issue

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) <u>Requests for Production or Inspection:</u>

Within 90 days regarding the transaction at issue

2/94

### (4) Oral Depositions:

Within 120 days regarding the transaction at issue via phone or Skype

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

**Name**            Proposed length of **Deposition**            **Grounds**

2/94

    b. <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

N/A

    c. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

by 1/29/21

    d. <u>Completion of Discovery</u>: Defendant will commence all discovery in time for it to be completed on or before 1/29/21

    5.    <u>Joint Discovery Plan - Other Matters</u>: Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

    6.    <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>: Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery:

2/94

7. <u>Third Party Claims, Joinder of Parties, Potentially Dispositive Motions</u>: Parties agree that the final date for filing:

    a. motions for leave to file third party claims and/or motions to join parties should be   <u>filed by 12/31/20</u>

    b. motions for summary judgment and all other potentially dispositive motions should be   <u>filed by 2/26/21</u>  .
    (Note time limit in Local Rule 4.03.)

8. <u>Settlement and Alternative Dispute Resolution</u>: Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

Parties agree that settlement is
 <u>x</u>  likely     (check one)
 ___  unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).             no

If binding arbitration is not agreed to, the court may order nonbinding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

9. <u>Consent to Magistrate Judge Jurisdiction</u>: The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. <u>See</u> 28 U.S.C. § 636.
       no

10. <u>Preliminary Pretrial Conference</u>:
Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

2/94

Track Two Cases:  Parties
   _x_ request      (check one)
   ___ do not request
a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case.  Unresolved issues to be addressed at such a conference include:


11.   **Final Pretrial Conference and Trial:** Parties agree that they will be ready for a final pretrial conference on or after __2/26/21_____(date) and for trial on or after __4/23/21_____(date). This **Non-Jury** trial is expected to take approximately 8 hours.


12.   **Pretrial Disclosures and Final Pretrial Procedures:** Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.


13.   **Other Matters:** N/A




Date: 8/7/20

information            Signature of Counsel (with
1.05(d)) and                         required by Local Rule

               Signature of Unrepresented Parties

_____s/John F. Harwick_____
John F. Harwick, Esq. for the Plaintiff
       E.Stewart Jones Hacker Murphy LLP
       28 Second St Troy, NY 12180
       518-281-8150
       jharwick@joneshacker.com

_____
Douglas Shook

2/94

doug@hashdeploy
386-530-9816

2/94

Case Management Report  
Page 12

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

v.                                                  Case No.

**CONSENT TO EXERCISE JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE OVER DISPOSITIVE MOTIONS DESCRIBED UNDER 28 U.S.C. § 636(b)(1)(B)**

### CONSENT TO EXERCISE OF JURISDICTION

In accordance with the provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings and enter a final order as to each motion identified below.

MOTION(S)      _____

_____

_____

Party Represented          Signatures          Date

_____        _____        _____

_____        _____        _____

_____        _____        _____

### ORDER OF REFERENCE

**IT IS ORDERED** that the above motions(s) be referred to the United States Magistrate Judge assigned to this case to conduct all proceedings and enter a final order on such motions(s) in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73.

_____                              _____  
Date                                                United States District Judge

**Case Management Report**
**Page 13**

NOTE:  RETURN THIS FORM TO THE CLERK OF COURT **ONLY IF** ALL PARTIES HAVE CONSENTED **ON THIS FORM** TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

Case Management Report
Page 14

_AO 85 (Rev. 8/98) Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT

Middle                District of            Florida

NOTICE, CONSENT, AND ORDER OF REFERENCE —
EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

**Plaintiff,**

Plaintiff
V.

Case Number:

,

**Defendant.**

Defendant

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
|  |  |  |
|  |  |  |

Case Management Report
Page 15

## ORDER OF REFERENCE

IT IS ORDERED that this case be referred to _____
United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

Date                                                                United States District Judge

NOTE:  RETURN THIS FORM TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED <u>ON THIS FORM</u> TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.