**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**MICHAEL MARANDA,**

    **Plaintiff,**

v.                                                                             **Case No: 5:19-cv-528-Oc-30PRL**

**HASH DEPLOY INC and DOUGLAS**
**SHOOK,**

    **Defendants.**

## ORDER

Plaintiff's counsel submitted a motion in the form of a letter requesting the court hold a telephonic conference to resolve a discovery issue. (Doc. 30). Requests for the court should be filed as a motion so they are brought to the court's attention. In the letter, Plaintiff's counsel recites that the defendants failed to appear for a remote deposition and have failed to respond to discovery demands. (Doc. 30). If Plaintiff seeks to compel discovery, a motion requesting that relief should be filed.

Further, Local Rule 3.01(g) provides that "[b]efore filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion." The purpose of

Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc*., 944 F. Supp. 876, 878 (M.D. Fla. 1996).

It is unclear if Plaintiff's counsel has even made an effort to confer with either defendant to resolve the discovery dispute. Accordingly, Plaintiff's request for a telephonic conference (Doc. 30) is denied without prejudice. If Plaintiff's counsel wishes to refile the request as a motion, he may do so after at least conferring with the individual defendant about the relief requested or informing the court that he has tried to confer but was unable to.

Additionally, it appears that individual defendant Douglas Shook is proceeding *pro se*. Mr. Shook is cautioned that a *pro se* party **cannot** represent a corporation. *See Palazzo v. Gulf Oil Corp*., 764 F.2d 1381, 1385 (11th Cir. 1985) ("[A] a corporation is an artificial entity that can act only through agents, cannot appear *pro se,* and **must be represented by counsel**.") (emphasis added). If Mr. Shook intends to represent himself, he is cautioned that despite proceeding *pro se* (i.e., without an attorney), he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Mr. Shook may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled *Guide for Proceeding Without a Lawyer*, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Mr. Shook should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/civil-discovery-handbook).

**DONE** and **ORDERED** in Ocala, Florida on December 7, 2020.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties