UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL MARANDA,

    Plaintiff,

v.                                               Case No: 5:19-cv-528-JSM-PRL

HASH DEPLOY INC.,

    Defendant.

_____

**ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion for Default Judgment against Defendant Hash Deploy Inc. (Dkt. 39).  The Court grants the motion and enters a final default judgment in Plaintiff's favor in the amount of $220,000.00.

**BACKGROUND**

Plaintiff Michael Maranda entered into a contract with Defendant Hash Deploy Inc. for the sale of computer equipment at a purchase price of $220,000.  Plaintiff's breach of contract claim alleges that, to date, Hash Deploy failed to deliver the computer equipment. Hash Deploy also failed to refund Plaintiff the $220,000, despite Plaintiff's demands for the return of the money or the delivery of the computer equipment.  The subject contract is attached to the complaint and Plaintiff's Affidavit.

On February 27, 2020, a Clerk's Default was entered against Defendant Hash Deploy.  Plaintiff seeks a final default judgment in the amount of $220,000, the amount

of money stated in the contract that Plaintiff paid to Hash Deploy for the computer equipment that he never received. Plaintiff's motion is supported by his Affidavit, which includes the contract and other relevant documents.

## DISCUSSION

A defendant who defaults is deemed to have admitted all well-pleaded allegations of fact in a complaint. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). As a result, a court may enter a default judgment against a party who has failed to respond to a complaint, assuming the complaint provides a sufficient basis for the judgment entered. Fed. R. Civ. P. 55; *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (internal citation omitted). Likewise, a court may award damages pursuant to a default judgment if those damages are adequately supported by the record. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (internal citations omitted). The court may award damages without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation. *Id.* at 1543 (internal citation omitted).

Upon review of the complaint, Plaintiff's Affidavit, and the subject agreement, the Court concludes that the complaint adequately alleges a breach of contract claim against Hash Deploy and a hearing is unnecessary to award damages. The supporting documents adequately support the amount of $220,000 in damages because this is the amount of money Plaintiff paid for the computers that he never received from Hash Deploy.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Default Judgment against Defendant Hash Deploy Inc. (Dkt. 39) is granted.

2. The Clerk is directed to enter a Final Default Judgment in favor of Plaintiff and against Defendant Hash Deploy Inc. in the amount of **$220,000.00**, which shall accrue post-judgment interest at the legal rate until paid in full.

3. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida, this June 2, 2021.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record